UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KATHERINE ANDERSON, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:20-cv-00991-JAR |
| | ) | |
| JEFFREY HANSEN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Dismiss Counterclaim V. (Doc. No. 14). The motion is fully briefed and ready for disposition. For the following reasons, the motion will be granted.

**A. Background**

Plaintiffs filed their initial complaint alleging Defendant drugged and raped Mrs. Anderson on the night of August 29, 2018. (Doc. No. 1). In his First Amended Answer, Defendant raised a number of counterclaims including defamation, tortious interference with contract, conspiracy, and abuse of process. (Doc. No. 12). Plaintiffs now move to dismiss the claim against them for abuse of process.

In 2018, Ms. Anderson and Defendant worked for Aflac. The weekend of August 29, 2018, both were present at an Aflac group meeting in St. Louis. Along with some of their colleagues, Ms. Anderson and Defendant went to dinner and a bar on August 29. They rode back to the hotel together and separated. Both parties agree Ms. Anderson and Defendant had intercourse that night. Plaintiffs allege that Defendant drugged Ms. Anderson at the bar. That night, they claim Defendant came to Ms. Anderson's hotel room uninvited, raped her, then left.

Defendant's version of events differs. He claims that he did not drug and rape Ms. Anderson. Instead, he claims Ms. Anderson invited him to her hotel room where they had consensual intercourse. Then, Ms. Anderson regretted her decision and filed a false police report accusing Defendant of raping her and knowingly giving "patently false information…to the Creve Coeur Police Department and others and upon which [Plaintiffs] are relying in this suit."

On August 5, 2019, Plaintiffs' counsel sent a letter to Defendant informing him that Plaintiffs have claims against him related to the alleged rape and inviting him to negotiate resolving the claims. (Doc. No. 16-5). Defendant's attorney responds in a letter dated September 12, 2019 that Ms. Anderson's allegations are false and accused Plaintiffs of "taking malicious steps to have Mr. Hansen terminated from his position at AFLAC and from extorting thousands of dollars from [Aflac] in a settlement." (Doc. No. 16-6).[1] Defendant's attorney stated that they would not negotiate a settlement and Defendant would pursue counterclaims if Plaintiffs filed suit. Plaintiffs did not respond to the letter. On July 30, 2020 Plaintiffs filed this suit against Defendant.

**B. Legal Standard**

Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a counterclaim must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In the counterclaim, a claimant must include sufficient factual information to provide the grounds on which his claims rest, and to raise a right to relief above a speculative level. Schaaf v. Residential Funding Corp.,

---

[1] Although Defendant did not attach the letters to his First Amended Answer, he does rely on them in his counterclaims. The Court may consider these letters in ruling on a motion to dismiss because they are embraced by Defendant's First Amended Answer. (Doc No. 12.) See Ashanti v. City of Golden Valley, 666 F.3d 1148, 1151 (8th Cir. 2012).

517 F.3d 544, 549 (8th Cir. 2008) (citing Twombly, 550 U.S. 544, 555 & n.3 (1955)). This obligation requires a claimant to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A counterclaim must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. Id. at 562. This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

In reviewing the pleadings under this standard, the Court must accept all of the defendant's factual allegations as true and draw all inferences in the defendant's favor, but the Court is not required to accept the legal conclusions the defendant draws from the facts alleged. See Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002) (The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations."); Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768-69 (8th Cir. 2012).

**C. Discussion**

Plaintiffs argue that Defendant has failed to state a claim because he has failed to show an improper purpose behind the filing of their lawsuit. Defendant responds that his allegation "that the Plaintiffs are attempting to extract money from him based on demonstrably false statements to others" is an improper purpose. In his response, Defendant claims Plaintiffs' attorney's failure to respond to a letter purportedly accusing them of extorting Aflac, not Defendant, is proof that their purpose in filing this lawsuit is improper. Even assuming Defendant's allegations that failing to respond to a letter that accuses Plaintiffs of extorting Aflac is evidence that their true motive in

filing this suit is to coerce Defendant into paying them money which he does not owe them, Defendant has not stated a claim for abuse of process and dismissal is appropriate.

To establish an abuse of process claim, a litigant must prove that "(1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the defendant had an improper purpose in exercising such illegal, perverted or improper use of process; and (3) damage resulted." Nichols v. Harbor Venture, Inc., 284 F.3d 857, 862 n.4 (8th Cir. 2002) (quoting Stafford v. Muster, 582 S.W.2d 670, 678 (Mo.1979) (en banc )). "Stated another way, the test as to whether there is an abuse of process is whether the process has been used to accomplish some end which is outside the regular purview of the process." Id. (quoting Ritterbusch v. Holt, 789 S.W.2d 491, 493 n.1 (Mo. 1990) (en banc )).

"The general rule is that no right of action exists for damages resulting from the initiation of a civil action unless [1] the action was prosecuted maliciously and without probable cause, or [2] there was an abuse of process." Wells v. Orthwein, 670 S.W.2d 529 (Mo. Ct. App. 1984). "If the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse even if the plaintiff had an ulterior motive in bringing the action, or if he knowingly brought suit upon an unfounded claim." Id.

Defendant has failed to allege that Plaintiffs used process to accomplish an end outside the regular purview of the process. Robinett v. Tarr is informative. 2015 WL 5785828, at *2 (E.D. Mo. 2015). In Robinett, the defendant raised a counterclaim for abuse of process, alleging "that he believes that plaintiff's allegations are without legal and factual foundation and made without reasonable cause. He further alleges that plaintiff had an ulterior purpose in filing suit in that she sought to intimidate and coerce him to pay her money." Id. at *2 (internal citations omitted). The court dismissed the abuse of process claim because "plaintiff instituted a lawsuit against defendant

and is entitled to pursue it to its authorized end" and defendant's allegations of an ulterior motive did not create a claim of abuse of process. Id. Similarly, here Defendant alleges that Plaintiffs knowingly instituted legal proceedings to force him to pay them money. "Knowingly bringing suit upon an unfounded claim does not constitute an abuse of process." Jenkins v. Revolution Helicopter Corp., 925 S.W.2d 939, 946 (Mo. Ct. App. 1996). See also Wells 670 S.W.2d at 532-33. This is true even if Defendant alleges an ulterior motive of extracting money or intimidation.

Defendant claims that Lambert v. Warner, 379 S.W.3d 849 (Mo. App. E.D. 2012), supports his claim. He purports to quote Lambert as stating abuse of process is "some collateral thing that he could not be compelled to do legally[,] such as to extract money from another." The phrase "such as to extract money from another" does not appear in Lambert. It is unclear exactly what Defendant is quoting, but it is not Lambert. Instead, the Lambert court found that repeatedly filing and dismissing actions against the defendant "for the purpose of increasing [defendant's] cost and effort in litigating" and with no intention of adjudicating the merits was an abuse of process. Id. at 857. Defendant alleges neither that Plaintiffs' purpose is increasing his litigation costs or that Plaintiffs have no intention of adjudicating on the merits. Defendant has not alleged a collateral purpose. Dismissal is appropriate where, as here, all Defendant alleges is that Plaintiff knowingly filed an unsupported claim for the purpose of forcing Defendant to pay them money.

### D. Conclusion

For the foregoing reasons, the Court will grant Plaintiffs' Motion to Dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Dismiss (Doc. No. 14.) is **GRANTED.**

Dated this 10th day of November, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**