# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KATHERINE ANDERSON, et al., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:20-cv-00991-JAR |
| ) | |
| JEFFREY HANSEN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Protective Order. (Doc. No. 19.) Defendant opposes the motion (Doc. No. 24), and Plaintiff has replied (Doc. No. 25).

Under the facts of this case, a protective order is necessary and appropriate. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" Fed. R. Civ. P. 26(c). The Court finds there are a number of types of confidential information including medical records, psychological records, tax records, and employment records that will be exchanged and disclosed which should be subject to a protective order.

Defendant argues "that because Plaintiffs have chosen to make their allegations against [Defendant] in a public forum without seeking any privacy protections it would be manifestly unfair to Defendant for the Court to grant Plaintiff's blanket request for privacy," and "Defendant should not be required to Come to this Court in order to access this information." (Doc No. 24 at 1). Defendant misunderstands the purpose and intent of a protective order. A protective order is appropriate in this case. Defendant may still object to the designation of confidential information.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Protective Order [19] is **GRANTED**.

Dated this 20th day of November, 2020.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**