# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

KATHERINE ANDERSON, et al.,  )
)
        Plaintiffs,  )
)
    v.  )      No. 4:20-CV-00991-JAR
)
JEFFREY HANSEN  )
)
        Defendant.  )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Jeffrey Hansen's motions to compel, (Doc.

Nos. 37-38), and his Motion to Strike Affirmative Defenses. (Doc. No. 36). Plaintiffs raise a

number of claims alleging Defendant drugged and raped Plaintiff Katherine Anderson.

Defendant counterclaimed, arguing Plaintiffs' claims are fabricated. Defendant seeks production

of electronically stored information ("ESI") search terms,[1] the annual tax returns of *Anderson*

*Atwood Consulting, Inc.*, (Doc. No. 37), and a recording made by Katherine Anderson of a

conversation between Plaintiffs Katherine and Jason Anderson. (Doc. No. 38). Defendant also

moves to strike seven of Plaintiffs' affirmative defenses. (Doc. No. 36). Plaintiffs oppose the

motions. For the reasons set forth below, the motions will be denied.

   I.    Background

At the time of the alleged rape, Plaintiffs were independent contractors of American

Family Life Assurance Company of Columbus ("Aflac") and Defendant was a Business

---

[1] Defendant seeks production of ESI from January 1, 2016 to the present of Plaintiffs' business
and personal emails using the search terms "Debt OR bank! OR loan! OR rent! OR obligat! OR
mortgag!" (Doc. Nos. 37-2, 37-5 at 1).

Development Manager at Aflac. (Doc. No. 1 at ¶¶ 4, 6). Both Katherine Anderson and Defendant were invited to attend Aflac's Galaxy Group meeting in St. Louis, Missouri on August 29-30, 2018. *Id.* at ¶ 20, 28. Plaintiffs allege the night of August 29, Defendant drugged Katherine Anderson at a bar and later raped her in her hotel room. *Id.* at ¶¶ 72, 79. Defendant claims he did not drug Katherine Anderson and the two had consensual sex.

On October 5, 2018, a little more than a month after the alleged assault, Katherine Anderson and Chad Atwood incorporated *Anderson Atwood Consulting, Inc.* ("*Anderson Atwood*"). (Doc. No. 37-4). Defendant contends that *Anderson Atwood* experienced financial difficulties, prompting Plaintiffs to initiate this lawsuit. Defendant believes ESI and other documents related to the finances of *Anderson Atwood* will provide evidence of Plaintiffs' financial motive in filing their lawsuit.

Katherine Anderson received therapy for emotional and psychological issues stemming from the alleged assault. (Doc. No. 1 at ¶ 70). Plaintiffs produced Katherine Anderson's therapy notes. In the notes dated November 14, 2018, Katherine Anderson's therapist writes: "Client shared that while 'extremely intoxicated' client's husband blamed client for the [sexual assault]. Client described recording the event and replaying it for her husband while sober." (Doc. No. 38-2). Defendant seeks the recording as evidence that Katherine Anderson's account of the alleged rape is false.[2]

On July 30, 2020, Plaintiffs Katherine and Jason Anderson filed this lawsuit. Plaintiffs brought six claims related to Defendant allegedly drugging and raping Katherine Anderson the night of August 29, 2018: two claims of Battery (Counts I, IV), Assault (Count II), False

---

[2] Defendant explains the recording is relevant because "why would Mr. Anderson disbelieve Ms. Anderson's account of what happened on August 30, 2018 unless there was some other marital conduct that caused his disbelief." (Doc. No. 38-1 at 4).

Imprisonment (Count III), Tortious Interference with Contract (Count V), and Loss of

Consortium (Count VI). (Doc. No. 1). Defendant raises four counterclaims: Defamation (Count

I), Tortious Interference with Contract and Business Relationship (Count II), Civil Conspiracy to

Commit Defamation (Count III), and Civil Conspiracy to Commit Tortious Interference (Count

IV). (Doc. No. 33).

II.     Motion to Compel

Legal Standard

The Federal Rules of Civil Procedure relating to discovery permit each party to serve the

opposing party with document requests and interrogatories which relate to "any matter that may

be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Under Rule 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant
> to any party's claim or defense and proportional to the needs of the case,
> considering the importance of the issues at stake in the action, the amount in
> controversy, the parties' relative access to relevant information, the parties'
> resources, the importance of the discovery in resolving the issues, and whether the
> burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Where a party fails to cooperate in discovery, the propounding party

may move the Court "for an order compelling an answer, designation, production, or inspection."

Fed. R. Civ. P. 37(a)(3)(B). "Some threshold showing of relevance must be made before parties

are required to open wide the doors of discovery and to produce a variety of information which

does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377,

380 (8th Cir. 1992). "Upon a showing by the requesting party that the discovery is relevant, the

burden is on the party resisting discovery to explain why discovery should be limited."

*CitiMortgage, Inc. v. Allied Mortg. Group, Inc.*, 4:10-CV-1863 JAR, 2012 WL 1554908, at *2

(E.D. Mo. May 1, 2012). District courts are empowered to limit the scope of allowable discovery

if "the discovery sought is unreasonably cumulative or duplicative or is obtainable from some

3

other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

_Anderson Atwood_ Records

Defendant argues that Plaintiffs should be compelled to produce records related to _Anderson Atwood_ because Plaintiffs' financial motive in filing their lawsuit is relevant to his defenses to Plaintiffs' claims. Plaintiffs respond that their financial motive is not relevant, the privacy interests of Chad Atwood—who is not a party to this case—are implicated, and the breadth of the records Defendant requests is not proportionate to the needs of the case. Defendant seeks the annual tax returns associated with _Anderson Atwood_ from October 5, 2018, the date the business was incorporated, to July 30, 2020, the date the lawsuit was filed. Defendant also seeks ESI applied to emails between Plaintiffs and Chad Atwood on their business and personal emails spanning from January 1, 2016 to the present. Defendant does not explain the dates for the production of ESI.

Defendant claims evidence of an improper motive in filing this lawsuit is relevant. He cites _State v. Kennedy_ for the proposition that "[w]hen the accused proclaims his innocence, evidence regarding motive, or absence of motive, is logically relevant and admissible." 107 S.W.3d 306, 311 (Mo. Ct. App. 2003). Defendant argues that because he claims he is innocent of the torts at issue in this lawsuit, evidence of motive is relevant. The _Kennedy_ court determined evidence of motive to commit a crime is admissible in a criminal trial. The same standard does not apply the scope of discovery on motive to file a civil lawsuit. Information related to the motive behind filing a lawsuit is not subject to discovery if motive is not a component of a claim or defense. _See Sierra Club v. Union Elec. Co._, No. 4:14-CV-00408 AGF, 2015 WL 9583394, at

4

*1 (E.D. Mo. Dec. 31, 2015) (finding documents related to the plaintiff's motive and rationale for filing the lawsuit were not relevant and therefore not discoverable).

Accordingly, the Court will not order discovery related to Plaintiffs' purported financial motive in filing this lawsuit unless that motive is relevant to any of the parties' claims and defenses. Defendant claims that evidence of motive is relevant to intentional tort claims pursuant to Missouri law, citing *State Auto Ins. Companies v. Briley* 140 F.R.D. 394, 395 (E.D. Mo. 1992). *Briley* does not hold that financial motive is relevant to all intentional tort claims, only that financial motive is relevant to an arson defense.

The *Briley* defendant was insured by the plaintiff for losses due to fire. *Id.* The Brileys' home was destroyed in a fire, which the insurer claimed the Brileys intentionally caused. *Id.* For an insurer to establish an arson defense in a civil action, the insurer must prove "motive on the part of the defendant to set the fire or have it set by someone else." *Id.* Because "[f]inancial difficulty is sufficient to establish a motive for arson," the *Briley* Court agreed that the Brileys' business losses were relevant and ordered the them to produce the requested documents. *Id.* at 395-96.

None of the parties' claims or defenses require proof of financial motive. Because Plaintiffs' motive in filing this lawsuit is not relevant to any of the claims at issue, the Court will deny Defendant's motion to compel.

Recorded Conversation

Defendant seeks to compel production of a recording Katherine Anderson made of a conversation between herself and her husband Jason Anderson in which he accuses her of fabricating the alleged rape. Defendant claims that "a recording in which Mr. Anderson blamed Ms. Anderson for the sexual encounter with Mr. Hansen is highly relevant and probative

5

evidence relating to who was responsible for what happened on August 30, 2018," the date of the alleged rape. (Doc. No. 38-1 at 3). Plaintiffs contend the recording is protected by the marital communications privilege and the privilege is not abandoned because Katherine Anderson informed her therapist of the recording.

Defendant first claims Plaintiffs deliberately violated Local Rule 3.04(A)[3] and for this reason alone, the Court should grant his motion to compel. Defendant reached out to Plaintiffs to attempt to resolve the discovery dispute related to the recording and asked for the legal basis for their objection. (Doc. No. 38-6 at 5). Plaintiffs responded that they "are fully prepared to brief the issue in response to defendant's motion to compel." (Doc. No. 38-6 at 8). Defendant claims Plaintiffs' failure to provide support for their legal position is a violation of Local Rule 3.04(A). Local Rule 3.04(A) requires the movant's counsel to meet and confer with opposing counsel in good faith prior to filing a motion to compel. It does not impose an obligation on opposing counsel.

The Court may deny a motion to compel where discovery is "of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Jo Ann Howard & Assocs., P.C. v. Cassity*, 303 F.R.D. 539, 542 (E.D. Mo. 2014) (quotation omitted). The recording is, at most, of limited relevance. While intoxicated, Jason Anderson accused his wife of fabricating the alleged rape. This is not, as

---

[3] E.D. Mo. L.R. 37-3.04(A) states:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

6

Defendant claims, evidence of the true events that occurred the night of the alleged rape. Jason

Anderson was not present for any of the alleged events that occurred at the Aflac meeting in

August of 2018. Insofar as Defendant seeks to discover information about whether Jason

Anderson believes Katherine Anderson's account of the alleged rape, if this is even discoverable,

there are other methods of discovery available to Defendant. Moreover, it is unclear whether the

recording continues to be protected by the marital communications privilege.[4] Accordingly the

Court will deny the motion.

III.     Motion to Strike

Legal Standard

Defendant moves to strike seven of Plaintiffs' nine affirmative defenses pursuant to Rule

12(f): bad faith filing, unclean hands, equitable estoppel, absolute immunity, public interest, and

defenses seven and eight, both related to punitive damages.[5] Rule 12(f) states: "the court may

strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

scandalous material." Fed. R. Civ. P. 12(f). Although the Court enjoys "liberal discretion" in

determining whether to strike a party's pleadings, such an action is "an extreme and disfavored

measure." *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007).

Accordingly, courts infrequently grant motions to strike "unless the challenged allegations have

no possible relation or logical connection to the subject matter of the controversy and may cause

---

[4] Marital communications are only privileged to the extent "the intent exists to rely on the confidence and intimacy of the marital relation in making the disclosure to the partner of the marriage." *State v. Byrd*, 676 S.W.2d 494, 501 (Mo. 1984) (internal quotation omitted). It is unclear whether Plaintiffs waived this privilege when Katherine Anderson recorded the conversation and told her therapist about the recording. The therapy notes do not indicate that Katherine Anderson played her therapist the recording.

[5] Defendant withdrew his motion to strike Plaintiffs' fourth affirmative defense, matters of opinion.

7

some form of significant prejudice to one or more of the parties to the action." *Atl. Recording Corp. v. Raleigh*, No. 4:06-CV-1708 CEJ, 2009 WL 1543458, at \*2 (E.D. Mo. June 2, 2009) (internal citations omitted).

Courts "should refrain from deciding new or close questions of law on a motion to strike due to the risk of offering an advisory opinion." *Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc.*, No. 4:08-CV-243 JCH, 2008 WL 2817106, at \*2 (E.D. Mo. July 21, 2008). Courts seldom strike an affirmative defense unless the defense is clearly unavailable. *See, e.g., Republic-Vanguard Ins. Co. v. Cent. State Holdings, LLC*, No. 4:16-CV-1616 CEJ, 2017 WL 1954745, at \*2 (E.D. Mo. May 11, 2017) (striking affirmative defense reserving the right to amend or add affirmative defenses because such a right cannot be reserved); *Fainer v. State Farm Mut. Auto. Ins. Co.*, No. 4:08-CV-1536 AGF, 2008 WL 5263779, at \*1 (E.D. Mo. Dec. 18, 2008) (granting motion to strike the plaintiff's demand for attorney's fees because the plaintiff did not specify any "contractual or statutory basis for attorney's fees, nor [did] Plaintiff assert a claim under which such fees might be recovered.").

Bad Faith Filing and Unclean Hands

In response to Defendant's Motion to Strike, Plaintiffs withdrew their first affirmative defense for bad faith filing and their second affirmative defense for unclean hands. Plaintiffs agree that "unclean hands" is not a defense available in an action at law for monetary relief in Missouri. *Swisher v. Swisher*, 124 S.W.3d 477, 483 (Mo. Ct. App. 2003) ("The unclean hands doctrine is not available as a defense to proceedings at law...."). They argue Defendant's Second Affirmative Defense—that Plaintiffs' claims are barred by the doctrine of unclean hands—is likewise not an affirmative defense under Missouri law and should be struck. Defendant did not respond, as such, Defendant's second affirmative defense of unclean hands will be struck.

8

Equitable Estoppel

Defendant contends Plaintiffs' third affirmative defense, equitable estoppel, should be struck because Plaintiffs have not pled facts that show the elements of equitable estoppel. Plaintiffs need not plead their affirmative defenses with particularity; affirmative defenses are "sufficiently raised for the purposes of Rule 8 by [their] *bare assertion.*" *Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 361 (8th Cir. 1997) (emphasis in original) (quoting *Daingerfield Island Protective Soc'y v. Babbitt,* 40 F.3d 442, 445 (D.C.Cir.1994)). "It is enough if the party states the defense in short and plain terms." *Dantone v. Credence Res. Mgmt., LLC.*, No. 4:19-CV-02781 AGF, 2020 WL 1158105, at *2 (E.D. Mo. Mar. 9, 2020) (denying motion to strike based on failure to adequately plead defenses). Plaintiffs set out their equitable estoppel defense in short and plain terms. Accordingly, the Court will not strike the defense.

Absolute Immunity and Public Interest

Defendant argues Plaintiffs' fifth and sixth affirmative defenses, absolute immunity and public interest, should be struck. He contends that Plaintiffs are not entitled to absolute immunity as a matter of law because they did not make their statements regarding the alleged rape in a judicial, quasi-judicial, legislative, or executive proceeding and the statements were not required by law. Plaintiffs respond that there is a question of law as to whether absolute immunity applies in this case and therefore the question should not be resolved on a motion to strike. *See Barge v. Ransom*, 30 S.W.3d 889, 891 (Mo. Ct. App. 2003) (absolute privilege applies if "a strong public policy exists which would justify the application of an absolute privilege") (internal quotation omitted). Defendant further argues Plaintiffs' sixth affirmative defense—that their statements about the alleged rape were made in the public interest—is an "absurd" argument "being made in bad faith" because Plaintiffs did not go to the media and requested a protective order in this case.

9

(Doc. No. 36-1 at 6). Plaintiffs respond that they are not required to prove the affirmative defense at this stage in the proceeding.

Defendant raises questions of fact and law that are best resolved later in the proceedings. *See Dantone,* No. 4:19-CV-02781 AGF, 2020 WL 1158105, at *2 (denying motion to strike bona fide error defense because it "is more properly raised on the merits later in the proceedings."); *Cynergy,* 2008 WL 2817106, at *2 (courts "should refrain from deciding new or close questions of law on a motion to strike"). The Court concludes that the determination of whether Plaintiffs' fifth and sixth affirmative defenses are applicable is more properly raised later in the proceeding.

Punitive Damages

Defendant argues Plaintiffs' seventh and eighth defenses, related to punitive damages, are not properly raised as affirmative defenses because they allege Defendant will not be able to prove an element of his claims. This is not a reason to strike an affirmative defense. *See Atl. Recording Corp*, No. 4:06-CV-1708 CEJ, 2009 WL 1543458, at *2 (motions to strike are not granted "unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice...."). Other courts within the Eastern District have allowed parties to plead defenses related to punitive damages as affirmative defenses. *See, e.g. Drummer v. Corizon, LLC*, No. 4:16-CV-01170 AGF, 2018 WL 2193448, at *1 (E.D. Mo. May 14, 2018) (denying motion to strike affirmative defenses concerning punitive damages because "it cannot be said that the [defendant's] defenses could not succeed as a matter of law or that they are wholly immaterial."); *Burshteyn v. Cmty. Hous. Ass'n, Inc.*, No. 4:19-CV-00830 SRC, 2020 WL 2494567, at *2 (E.D. Mo. May 14, 2020) (denying motion to strike affirmative defenses related to punitive damages).

Furthermore, Defendant has not shown that the assertion of these defenses will prejudice him. Even where a challenged defense is not properly characterized as an affirmative defense, courts are hesitant to strike the defenses without a showing of prejudice or confusion. *See Oliverires v. Nationwide Ins. Co. of Am.*, No. 4:18-CV-2139 SPM, 2019 WL 1469673, at *2 (E.D. Mo. Apr. 3, 2019); *BJC Health Sys.*, 478 F.3d at 917. "The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome." *Cynergy*, No. 4:08-CV-243 JCH, 2008 WL 2817106, at *2. Defendant cannot show prejudice; the inclusion of these defenses will not require additional discovery or the litigation of irrelevant issues. Accordingly, the motion to strike will be denied.

IV.  Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Production of Documents and Use of ESI Search Terms [37] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel Production of Recording Between Plaintiffs Katherine and Jason Anderson [38] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Strike [36] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's second affirmative defense, unclean hands, will be **STRICKEN**.

Dated this 13th Day of May, 2021.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

11