**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

CIVIL ACTION NUMBER: 4:20-CV-991-JAR

KATHERINE ANDERSON and
JASON ANDERSON,

      Plaintiffs,

v.

JEFFREY HANSEN,

      Defendant.

---

**MEMORANDUM IN SUPPORT OF MOTION FOR CERTIFICATION OF
INTERLOCUTORY APPEAL**

---

      Plaintiffs Katherine and Jason Anderson, by their attorneys, Jester Gibson & Moore, LLP, hereby file this Memorandum in support of their Motion, pursuant to 28 U.S.C. § 1292(b) for an order certifying its Order and Memorandum [Doc. #67] for interlocutory appeal on the issue of whether Plaintiff Katherine Anderson's claim of tortious interference with contract is subject to arbitration, and state in support thereof as follows:

<u>**BACKGROUND**</u>

      1.     On May 14, 2021, Defendants filed a Motion to Compel Arbitration, arguing that an arbitration clause ("Arbitration Agreement") contained in an Associate's Agreement between Plaintiff Katherine Anderson and non-party American Family Life Insurance Company ("Aflac") required Plaintiffs to arbitrate their claims against Defendant rather than proceed in federal court.

1

2.     On July 22, 2021, this Court issued an Order and Memorandum (hereinafter "Order"), compelling arbitration for Katherine Anderson's claim of tortious interference with contract against Jeffrey Hansen. [Doc. #67].

3.     The Order granted a stay as to the tortious interference with contract claim.

4.     The Order denied the rest of Defendant's Motion, retaining jurisdiction over all other claims and counterclaims asserted in this lawsuit, holding that the tort claims for sexual assault "are not claims 'arising under or related in any way to' the Associate's Agreements." [Doc. #67 at 9.]

5.     On July 30, 2021, Defendant filed a Notice of Appeal [Doc. #71] and Motion to Stay Pending Appeal [Doc. #72], seeking to overturn this Court's decision denying arbitration on all claims other than the tortious interference with contract claim.

6.     Pursuant to the Federal Arbitration Act, Defendant asserts he has an automatic right to appeal the aspects of the Order denying his motion to compel arbitration.

7.     Because the tortious interference claim is stayed pending arbitration, Plaintiffs have no automatic right to appeal that decision and therefore seek relief from this Court pursuant to 28 U.S.C. § 1292(b).

## ARGUMENT

### I.     The Court Should Certify its Order for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b).

Pursuant to 28 U.S.C. § 1292(b), this Court can permit an immediate appeal to be taken from an interlocutory order if the district court determines and finds that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the

litigation." *Paschall v. Kan. City Star Co.*, 605 F.2d 403, 406 (8ᵗʰ Cir. 1979) (quoting 28 U.S.C. § 1292(b)).

> a. *The Court's Order involves a controlling question of law, and there are substantial grounds for difference of opinion.*

In the Order, the Court ruled that Defendant is an intended third-party beneficiary of the Arbitration Agreement with respect to the tortious interference claim. Plaintiffs respectfully assert that there is a controlling question of law that requires a different result on the issue of whether Defendant can be a third-party beneficiary of the Arbitration Agreement as to a claim of tortious interference with contract, because that claim cannot be brought against Aflac.

According to the Arbitration Agreement, to be a third-party beneficiary under the Arbitration Agreement, it is necessary that the third party is "alleged to be liable or may be liable in any manner to either party <u>based upon the same allegations</u> made against a party to this Agreement." [Doc. #47-4 at 20 (emphasis added).]

"The interpretation of a contract under Colorado law is a legal question." *Grant v. Pharmacia & Upjohn Co.*, 314 F.3d 488, 491 (10th Cir. 2002) (citing *Fibreglas Fabricators, Inc. v. Kylberg,* 799 P.2d 371, 374 (Colo. 1990); *Holland v. Bd. of County Comm'rs,* 883 P.2d 500, 505 (Colo. App. 1994)). Contract interpretation is a question of law that can be properly reviewable under a 1292(b) interlocutory appeal. *See Penthouse Owners Ass'n, Inc. v. Certain Underwriters at Lloyds, London*, 612 F.3d 383, 386 (5th Cir. 2010) (reviewing a matter of contract interpretation pursuant to an 1292(b) interlocutory appeal).

Under Colorado State law, which controls Ms. Anderson's tortious interference claim, it is legally impossible for Aflac to be liable for tortiously interfering with its own contract. *See Jandro v. Foster*, 53 F. Supp. 2d 1088, 1099 (D. Colo. 1999); *Trimble v. City and County of Denver*, 697 P.2d 716, 725-726 (Colo. 1985) (superseded by statute on a different issue regarding governmental

3

immunity). *See also Friedman & Sons, Inc. v. Safeway Stores, Inc.*, 712 P.2d 1128, 1131 (Colo. App. 1985) (holding that a claim against a subsidiary for tortious interference was legally impermissible where the subsidiary was an alter-ego of the parent company).

There were only two parties to the Arbitration Agreement, Aflac and Ms. Anderson. Holding that Defendant is a third-party beneficiary of the Arbitration Agreement is legally incorrect, because Aflac was not "alleged to be liable" under a theory of tortious interference with contract and indeed cannot be "liable in any manner to either party based upon the same allegations," because an entity cannot be liable for interfering with its own contract. [Doc. #47-4, at 20.]

   *b.  Certification will materially advance the ultimate termination of the litigation.*

During the briefing in response to Defendant's motion to compel arbitration, Plaintiffs raised three primary arguments: (1) Defendant waived his right to arbitration; (2) Defendant was not an intended third-party beneficiary of the arbitration clause; and (3) Plaintiffs' claims are not subject to arbitration because they fall outside the scope of the arbitration clause. [Doc. #48.]

This Court rejected Plaintiffs' first two arguments and held that most of Plaintiffs' claims fell outside of the scope of the arbitration clause but that the claim for intentional interference with contract was subject to arbitration.

Although this Court rejected Plaintiffs' first two arguments, any of the three arguments can serve as a basis for the Eight circuit to affirm aspects of the Court's Order denying the motion to compel arbitration. "It is well accepted . . . that without filing a cross-appeal or cross-petition, an appellee may rely upon any matter appearing in the record in support of the judgment below." *Blum v. Bacon*, 457 U.S. 132, 138 (1982). To the extent that the Eighth Circuit agrees with Plaintiffs that Defendant waived his right to arbitration or that Defendant was not a third-party

beneficiary of the Arbitration Agreement, then Plaintiffs should be entitled to proceed with their tortious interference claim in federal court, rather than in arbitration. However, Plaintiffs would be stuck in a strange and inefficient procedural posture, whereby they cannot proceed on the intentional interference with contract claim in federal court even if the Eighth Circuit's ruling, led to its logical conclusion, would permit Plaintiffs to proceed.[1]

Ultimately, forcing Plaintiff Katherine Anderson to pursue claims in arbitration whereas the Eighth Circuit could intermittently hold that the tortious interference claim is not subject to arbitration would result in a significant waste of judicial and party resources, which can be avoided by certifying the issue for interlocutory appeal, and allowing the Eight Circuit to resolve all issues involving arbitration.

## CONCLUSION

Certifying the Order will allow the parties to efficiently determine which claims subject to arbitration, without the need for an appeal upon final judgment. Additionally, because the Court's Order involves a controlling question of law as to which there is substantial ground for difference of opinion, this Court should GRANT the Motion for Interlocutory Appeal and certify the Order.

Respectfully submitted this 2nd day of August 2021.

JESTER GIBSON & MOORE, LLP

_s/ Justin M. Plaskov_
Justin M. Plaskov, 45053 (CO)
Denison Goodrich-Schlenker, 50703 (CO)
1999 Broadway, Ste. 3225
Denver, CO 80202
dgoodrich@jgllp.com
jplaskov@jgllp.com

---

[1] For example, if the Eight Circuit holds that Defendant's delay in filing the motion to compel arbitration constitutes waiver, then no claims brought by the Plaintiffs should be subject to arbitration—regardless of whether they are within the scope of the Arbitration Agreement.

Amy Collignon Gunn, 45016 (MO)
800 Market Street, Ste. 1700
St. Louis, MO  63101
agunn@simonlawpc.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2021, a copy of the foregoing **MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL** was served on all counsel of record via the Court's electronic filing system.


     *s/ Cristina Tostado*
Cristina Tostado, paralegal