**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| KATHERINE ANDERSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:20-CV-00991-JAR |
| | ) | |
| JEFFREY HANSEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Jeffrey Hansen's Motion to Stay Pending Appeal (Doc. 72) and Plaintiffs Katherine and Jason Anderson's Motion for Certification of Interlocutory Appeal. (Doc. 77). Both motions are fully briefed and ready for disposition. It is appropriate to address both motions in the same Memorandum and Order.

**I.   BACKGROUND**

This case concerns the alleged sexual assault of Plaintiff Katherine Anderson by Defendant Jeffrey Hansen while at an Aflac work conference in St. Louis, Missouri. (Doc. 1). Plaintiffs bring claims for battery (Counts I and IV), assault (Count II), false imprisonment (Count III), tortious interference (Count V), and loss of consortium (on behalf of Plaintiff Jason Anderson) (Count VI). (*Id.*). Defendant has raised counterclaims for defamation (Counterclaim Count I) and tortious interference (Counterclaim Count II), along with associated civil conspiracy claims. (Doc. 33).

Defendant moved to compel arbitration pursuant to arbitration clauses found in Plaintiffs' Associate's Agreements with Aflac. (Doc. 47). On July 22, 2021, this Court granted Defendant's motion to compel arbitration as to Katherine Anderson's tortious interference claim (Count V) but

1

denied the motion in all other respects. (Doc. 67). Defendant has appealed this decision pursuant to 9 U.S.C. § 16 (Doc. 71) and now seeks a stay pending appeal. (Doc. 72). Plaintiffs have moved for certification of interlocutory appeal as to this Court's decision to compel arbitration on Count V. (Doc. 77).

II.     ANALYSIS

    A.  Motion to Stay Pending Appeal (Doc. 72)

Defendant argues that its appeal divests this Court of jurisdiction or, alternatively, the Court should stay the action pursuant to its inherent powers. (Doc. 73). Plaintiffs "do not oppose Defendant's request for a stay pending appeal as a general matter" but contend such request "is overbroad to the extent that it seeks to delay resolution of Plaintiffs' pending motion to compel production" of an independent medical examiner report. (Doc. 79 at 1).[1]

The Eighth Circuit has held that "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction *over matters on appeal*." *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999) (citation omitted) (emphasis added). But the Eighth Circuit has "not definitively ruled whether an appeal from a denial of a motion to compel arbitration divests the district court of jurisdiction." *Indus. Wire Prods., Inc. v. Costco Wholesale Corp.*, No. 4:08-CV-70-CAS, 2008 WL 2906716, at *1 (E.D. Mo. July 24, 2008). Most courts of appeal to consider the question have held that a notice of appeal under § 16 of the Federal Arbitration Act ("FAA") divests the district court of jurisdiction, but the Second, Fifth, and Ninth circuits have adopted the minority approach and held that the district court has the discretion to issue a stay. *See Morgan v.*

---

[1] Plaintiff Katherine Anderson underwent an independent medical examination ("IME") pursuant to Fed. R. Civ. P. 35. Defendant has declined to produce the report by Dr. Patricia Westmoreland. Currently pending before this Court are Defendant's Motion for Protective Order (Doc. 62) seeking to shield the report and Plaintiffs' Motion to Compel production of the report. (Doc. 65). Both motions are fully briefed.

2

*Ferrellgas, Inc.*, No. 4:19-CV-910-SRB, 2020 WL 591510, at *1 (W.D. Mo. Feb. 6, 2020) (describing circuit split). At minimum, the filing of a notice of appeal "is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

Without binding Eighth Circuit precedent, this Court is not inclined to hold that Defendant's interlocutory appeal entirely divests the Court of jurisdiction. *See Art Etc. v. Angel Gifts, Inc.*, No. 4:10-CV-385-CRW-RAW, 2011 WL 13232190, at *1 (S.D. Iowa Sept. 12, 2011). The Court finds, however, that good cause exists to grant Defendant's motion to stay in part, especially considering Plaintiffs' consent to such a partial stay.[2] The Eighth Circuit has recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In deciding whether a stay pending appeal is appropriate, courts must consider the competing interests of the parties, including potential hardship to either party, and judicial economy. *Gould v. Farmers Ins. Exch.*, 326 F.R.D. 530, 531 (E.D. Mo. 2018) (citation omitted). In these circumstances, it would potentially waste the parties' and this Court's resources to fully proceed with dispositive motions and trial while the Eighth Court considers whether to compel arbitration on Plaintiffs' remaining claims. *See Union Elec. Co. v. Aegis Energy Syndicate*

---

[2] Beyond the lack of binding Eighth Circuit precedent, the Court believes that the discovery issues which can proceed are tangential to the appeal. *See Union Elec. Co. v. Aegis Energy Syndicate 1225*, No. 4:12-CV-877-JCH, 2012 WL 4936572, at *2 (E.D. Mo. Oct. 17, 2012) (citation omitted) ("A district court retains jurisdiction to adjudicate matters which are collateral or tangential on appeal."). *But see Blinco v. Green Tree Serv., LLC*, 366 F.3d 1249, 1251 (11th Cir. 2004) ("The only aspect of the case involved in an appeal from an order denying a motion to compel arbitration is whether the case should be litigated at all in the district court.").

3

*1225*, No. 4:12-CV-877-JCH, 2012 WL 4936572, at *2 (E.D. Mo. Oct. 17, 2012) (citation omitted) (granting stay under inherent authority without deciding if court retains jurisdiction).

Pursuant to the Case Management Order, the parties should have completed all fact discovery including fact witness depositions, and only certain expert depositions remain pending before the November 15, 2021 deadline for filing dispositive motions. (Doc. 45). As Plaintiffs note, the parties have already fully briefed the issues concerning production of the IME report. The Court finds that ruling on the pending discovery motions relating to the IME report (Docs. 62, 65) is appropriate, considering this requires no further effort by the parties and "any information obtained will be no less helpful in arbitration than it will be in this Court." *Dickson v. Gospel for Asia, Inc.*, No. 5:16-CV-5027, 2017 WL 7731214, at *2 (E.D. Ark. Feb. 8, 2017). It is particularly relevant that Katherine Anderson has submitted to the extensive medical evaluation, Dr. Westmoreland has prepared her report, and the parties have fully briefed the issue. In reply, Defendant cites cases discussing the risk of wasting time and resources by proceeding with discovery pending appeal. (Doc. 80 at 3-4). But the present circumstances are easily distinguishable because the extremely narrow additional recovery requested by Plaintiffs – this Court's ruling on the pending motions regarding the IME – requires no further effort by either party. *Compare Express Scripts, Inc. v. Aegon Direct Mktg. Servs., Inc.*, No. 4:06-CV-1410 CAS, 2007 WL 1040938, at *3 (E.D. Mo. Apr. 3, 2007) ("[A]llowing discovery to proceed . . . pending appeal could be a fruitless effort and a complete waste of this Court's and the parties' time and resources.").

4

The Court also finds that no reasonable grounds exist to delay ruling on Plaintiffs' fully briefed motion for certification of interlocutory appeal.[3] Defendant will not suffer prejudice or be required to expend any unnecessary resources because of this decision. Accordingly, the Court will grant Defendant's motion to stay in part, stay all pending discovery and dispositive motion deadlines in this case, and vacate the current trial setting of March 7, 2022. But the Court will rule on the pending discovery motions concerning the IME and Plaintiffs' motion for certification of interlocutory appeal.

B.  <u>Motion for Certification of Interlocutory Appeal</u> (Doc. 77)

Plaintiffs seek certification to appeal this Court's order compelling arbitration of Katherine Anderson's tortious interference claim. Pursuant to 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal when it determines that such order (1) "involves a controlling question of law" (2) as to which there is "substantial ground for difference of opinion" and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The purpose of the statute is to "provide interlocutory appeal in exceptional cases in order to avoid protracted and expensive litigation." *Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir. 1979). Interlocutory appeal should be permitted "sparingly and with discrimination," given it has "long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the courts and the litigants." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (quoting *Control Data Corp. v. Int'l Bus. Machs. Corp.*, 421 F.2d 323, 325 (8th Cir. 1970)). The movant "bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *Id.* (citing *Bank of*

---

[3] In reply, Defendant indicates he has "no objection to this Court ruling on" the motion for certification. (Doc. 80 at 5). It is unclear how Defendant reconciles this Court supposedly lacking any jurisdiction with ruling on the motion for certification.

*New York v. Hoyt*, 108 F.R.D. 184, 189 (D.R.I. 1985)). "It is within the trial court's discretion to grant or deny a motion for interlocutory appeal, and also within the discretion of the court of appeals to certify the appeal." *Alternative Med. and Pharmacy, Inc. v. Express Scripts, Inc.*, No. 4:14-CV-1469 CDP, 2016 WL 827934, at *1 (E.D. Mo. Mar. 3, 2016). The requirements of § 1292(b) are jurisdictional. *White*, 43 F.3d at 376 (citation omitted).

Defendant contends that § 1292(b) certification is contrary to the FAA's strong policy in favor of arbitration, especially considering that the FAA "permits the immediate appeal of orders *denying* arbitration, 9 U.S.C. § 16(a), but forbids the immediate appeal of orders *compelling* arbitration" per 9 U.S.C. § 16(b). *Adler v. Dell, Inc.*, No. 08-CV-13170, 2009 WL 646885, at *1 (E.D. Mich. Mar. 10, 2009) (emphasis in original). Most courts have concluded that the high burden for certification of an interlocutory appeal "is even more stringent where the Court has compelled arbitration, given the [FAA's] objective of 'moving the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.'" *Selden v. Airbnb, Inc.*, No. 16-CV-933 (CRC), 2016 WL 7373776, at *1 (D.D.C. Dec. 19, 2016) (quoting *Green Tree Fin. Corp. – Alabama v. Randolph*, 531 U.S. 79, 85-86 (2000)); *see also Zechman v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 89 C 2470, 1990 WL 172726, at *1 (N.D. Ill. Oct. 30, 1990) (cleaned up) ("Consistent with the strong federal policy favoring arbitration, a direct appeal may not be taken from an interlocutory order compelling arbitration, unless authorized by § 1292(b).").

This Court declined to compel arbitration on five of six counts in Plaintiffs' complaint (Doc. 67) and Defendant has appealed this Order. (Doc. 71). Plaintiffs now seek certification to appeal the Court's decision to compel arbitration on Count V. Typically, courts "discourage piece-meal appeals" through § 1292(b) certification "because most often such appeals result in additional burdens on both the court and the litigants." *White*, 43 F.3d at 376; *see also S.E.C. v. Credit*

*Bancorp, Ltd.*, 103 F. Supp. 2d 223, 226 (S.D.N.Y. 2000) (citation omitted) ("The institutional efficiency of the federal court system is among the chief concerns underlying Section 1292(b)."). In this case, however, the Eighth Court will address virtually identical legal issues when considering Defendant's appeal, and this case will be mostly stayed pending the Eighth Circuit's decision per Defendant's motion. Therefore, concerns regarding judicial efficiency are less relevant here.

Under normal circumstances, Plaintiffs' motion would not present a close question considering the stringent standard for § 1292(b) certification, particularly as to orders compelling arbitration. Defendant's appeal as of right is the sole reason that Plaintiffs' motion presents a more difficult question. Even in these unique circumstances, however, the Court cannot grant certification because Plaintiffs do not seek to appeal a "controlling question of law" as required under § 1292(b). Controlling questions of law appropriate for certification are generally limited to those which permit the court of appeals to "rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *Missouri State Conf. of the Nat'l Assoc. for the Advancement of Colored People v. Ferguson-Florissant Sch. Dist.*, No, 4:14-CV-2077 RWS, 2016 WL 5390946, at *2 (E.D. Mo. Sept. 27, 2016) (citation omitted); *see also McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("§ 1292(b) appeals were intended, and should be reserved, for situations in which the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts."); *Houston v. NPC Intl'l, Inc.*, No, 13-1160-CV-W-GAF, 2014 WL 12535302, at *2 (W.D. Mo. May 23, 2014) (internal quotations omitted) (Controlling question must "be a matter of pure law on an abstract legal issue."). In other words, a controlling question of law also means a pure question of law, "not a mixed question of law and fact or an application

of law to a particular set of facts." *Smith v. Nerium Int'l, Inc.*, No. SACV 18-1088 JVS (PLAx), 2019 WL 7205889, at *2 (C.D. Cal. Dec. 9, 2019) (citation omitted).

As discussed extensively in this Court's Order (Doc. 67 at 11-12), the arbitration clauses at issue in the Associate's Agreements between Plaintiffs and Aflac apply to third-party beneficiaries including "past and present . . . employees . . . who are alleged to be liable or may be liable in any manner to either party *based upon the same allegations made against a party to this [Associate's] Agreement*." (Doc. 47-4 at 19, 43) (emphasis added). This Court considered whether Defendant, an Aflac employee at the time of the events underlying this litigation, was alleged to be liable based "upon the same allegations" made against Aflac. The Court noted that Plaintiffs' settlement agreement with Aflac specifically released claims for tortious interference and accordingly concluded that the arbitration clause "is susceptible to an interpretation that Defendant is 'alleged to be liable . . . based upon the same allegations made against' Aflac as to the tortious interference claim." (Doc. 67 at 11-12). Plaintiffs contend that a pure question of law exists on this issue, especially considering Aflac apparently cannot be held liable for tortious interference with its own contract under Colorado law. (Doc. 77-1 at 3-4).

Yet this is precisely the sort of fact-intensive, contractual interpretation issue not appropriate for certification. Courts have consistently held that questions of contractual interpretation should not be certified under § 1292(b). *See Ahrenholz v. Bd. of Trs. of Univ. of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000) ("We also think . . . that the question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind either."); *Aristocrat Leisure Ltd. v. Deutsche Bank Tr. Co. of Americas*, 426 F. Supp. 2d 125, 128 (S.D.N.Y. 2005) (citations omitted) ("While the meaning of a contract generally is considered to be a question of law for the

8

court, a question of contract interpretation typically is not a 'controlling question of law' that serves as a basis for interlocutory appeal."). Addressing the question of law posed by Plaintiffs' motion would require the Eighth Circuit to delve into Plaintiffs' correspondence and settlement agreement with Aflac and then apply such particular facts to the language of the Associate's Agreements. This is not an issue which the court of appeals "could decide quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 677. This is a contractual interpretation issue highly dependent on the facts of this case. *Compare Delock v. Securitas Sec. Servs. USA, Inc.*, 883 F. Supp. 2d 784, 791 (E.D. Ark. 2012) (certifying order compelling arbitration for interlocutory appeal where "[n]o facts are disputed" and appeal concerned apparent conflict between National Labor Relations Act and FAA).

In reply, Plaintiffs accurately note that the Eighth Circuit has offered limited guidance regarding what constitutes a "controlling question of law" under § 1292(b). (Doc. 81 at 4-5). Plaintiffs cite *In re Dicamba Herbicides Litigation* for this proposition. No. 1:18-MD-2820-SNLJ, 2018 WL 3619509, at *4 (E.D. Mo. July 30, 2018). Plaintiffs neglect to mention, however, that the *In re Dicamba Herbicides Litigation* court proceeded to cite the Seventh and Eleventh circuits (as this Court has done) and find that "[w]ith no Eighth Circuit guidance to look to," the "line between pure questions of law that can be decided without digging into the record and case-specific questions that ask whether the district court properly applied settled law to specific facts . . . strikes the Court as a reasonable and prudent one." *Id.* at 5. This Court agrees that such approach is consistent with the purposes of § 1292(b) and accordingly holds that Plaintiffs' motion does not present a controlling question of law because it merely requests application of settled law to specific facts.

Finally, the Court also finds that an immediate appeal would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As it stands, the case will effectively be stayed pending the Eighth Circuit's ruling on Defendant's appeal while Katherine Anderson can proceed with arbitration on her tortious interference claim. Certification of appeal as to this Court's decision to compel arbitration on Count V would only delay arbitration and not materially advance the litigation in any sense. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983) ("Congress's clear intent" when enacting the FAA was "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.").[4] Because Plaintiffs have not met the stringent requirements of § 1292(b) in seeking to appeal this Court's Order compelling arbitration as to Count V, the motion for certification of interlocutory appeal will be denied. *See Union Cty., Iowa v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 645-46 (8th Cir. 2008) (internal quotations and citations omitted) ("Because the requirements of § 1292(b) are jurisdictional, if the case does not present circumstances satisfying the prerequisites for granting certification, this court cannot allow the appeal.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jeffrey Hansen's Motion to Stay Pending Appeal (Doc. 72) is **GRANTED in part**. This case is **STAYED** provided that this Court will rule on Plaintiffs' Motion for Certification of Interlocutory Appeal (Doc. 77) and the pending, fully

---

[4] Plaintiffs argue, and the Court recognizes, that the Eighth Circuit could issue a decision affirming this Court but suggesting that arbitration should not have been compelled on the tortious interference claim. (Doc. 77-1 at 4-5). The Eighth Circuit could affirm while holding, for example, that Defendant waived his right to compel arbitration on all claims. Such a theoretical possibility does not mean, however, that certification would materially advance the termination of this litigation. If the Eighth Circuit renders such a decision, it may become appropriate for Plaintiffs to seek reconsideration of this Court's decision compelling arbitration on Count V.

10

briefed discovery motions concerning the IME. (Docs. 62, 65). The parties shall promptly advise the Court of any material developments in the appeal process.

**IT IS FURTHER ORDERED** that the trial setting of March 7, 2022 is hereby **VACATED** and will be reset if necessary once the Eighth Circuit issues its mandate.

**IT IS FINALLY ORDERED** that Plaintiffs Katherine and Jason Anderson's Motion for Certification of Interlocutory Appeal (Doc. 77) is **DENIED**.

Dated this 7th day of September, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE