**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| KATHERINE ANDERSON, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JEFFREY HANSEN, ) <br> ) <br> Defendant. ) <br> ) | Case No. 4:20-CV-00991-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Jeffrey Hansen's Motion for Protective Order (Doc. 62) and Plaintiffs Katherine and Jason Anderson's Memorandum in Opposition and Motion to Compel Production of Independent Medical Examination Report. (Doc. 65). The parties have completed expedited briefing on Defendant's motion, as ordered by the Court. (Doc. 64).

**I.   BACKGROUND**

This case concerns the alleged sexual assault of Plaintiff Katherine Anderson by Defendant Jeffrey Hansen in St. Louis, Missouri on August 29-30, 2018. Katherine Anderson raised the following claims in her complaint: Battery—administration of an intoxicating substance without consent (Count I); Assault (Count II); False Imprisonment (Count III); Battery—forcible sexual contact (Count IV); and Tortious Interference with Contract, Ongoing Business Relationship, and/or Prospective Business Relations (Count V). (Doc. 1). Defendant requested that Katherine Anderson undergo an independent medical examination ("IME") pursuant to Fed. R. Civ. P. 35. On April 23, 2021, Dr. Patricia Westmoreland, a forensic psychiatrist selected by Defendant, performed the IME. (Doc. 62 at ¶ 1). The exam lasted approximately four hours, and Dr.

Westmoreland conducted follow-up interviews with both Plaintiffs on June 11, 2021. (Doc. 65-1 at 2).

Dr. Westmoreland furnished her report to Defendant on June 26, 2021. Put simply, Defendant did not like what he received. Dr. Westmoreland's 50-page report supposedly "recited Plaintiff Katherine Anderson's story, including those parts that are directly contradicted by disinterested witnesses and scientific evidence." (Doc. 62 at ¶ 3). Defendant requested that Dr. Westmoreland "limit her report to the findings, diagnoses, conclusions, and the results of any test," but Dr. Westmoreland "refused to do so and insisted on leaving Ms. Anderson's self-serving uncontested parts of her uncorroborated story in the report." (*Id.* at ¶ 4). On July 2, 2021, Defendant informed Dr. Westmoreland that she would not be disclosed as an expert and her services were no longer required. (*Id.* at ¶ 5).

Meanwhile, on May 7, 2021, Plaintiffs issued a third-party subpoena to Dr. Westmoreland requesting production of the report and other communications. (Doc. 65-8). On July 8, 2021, Defendant's counsel indicated that they did not intend to retain Dr. Westmoreland as an expert witness and would not be providing her report. (Doc. 65-11 at 1). Plaintiffs promptly informed Dr. Westmoreland that she remained obligated to comply with the third-party subpoena. (Doc. 65-12 at 1). Understandably confused by the conflicting instructions from each side's counsel, Dr. Westmoreland decided to "send[] all the requested documentation to the [C]lerk of [C]ourt" and allow "counsel for both sides to deal with the court." (Doc. 65-13 at 1). On July 12, 2021, Dr. Westmoreland sent the Clerk of Court (with both sides' counsel copied on the e-mail) a notice that the "parties are in dispute, so I am sending all of my materials to the court, and the parties may litigate this with the judge." Dr. Westmoreland sent the actual report to the Clerk of Court under separate cover. Defendant filed this motion for protective order the next day.

## II.     ANALYSIS

Fed. R. Civ. P. 35(b)(1) provides that the "party who moved for the examination must, on request, deliver to the requester a copy of the examiner's report." The request "may be made by the party against whom the examination order was issued or by the person examined." Courts have described this language as "clear" and "obvious." *E.N. v. Susquehanna Twp. Sch. Dist.*, No. 1:09-CV-1727, 2011 WL 3163186, at *3 (M.D. Pa. July 26, 2011); *see also Salvatore v. Am. Cyanamid Co.*, 94 F.R.D. 156, 157 (D.R.I. 1982) (Describing the language as "appear[ing] to impose an absolute duty on the examining party to deliver a physician's detailed report if the examined party requests it.").[1] Despite this mandate, Defendant seeks a protective order pursuant to Fed. R. Civ. P. 26(c), which permits this Court "for good cause" to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Beyond opposing Defendant's motion for protective order, Plaintiffs have moved to compel production of the report.

Defendant offers two arguments[2] in support of the motion: first, Defendant alleges that Dr. Westmoreland violated Fed. R. Civ. P. 35(b)(2) by "refus[ing] to remove superfluous commentary

---

[1] The Court recognizes that there have been amendments to Fed. R. Civ. P. 35 since *Salvatore* was decided. The amendments do not, however, substantively affect the analysis offered by *Salvatore*, which this Court finds to be persuasive authority.

[2] Defendant's entire reply focuses on whether Plaintiffs are "entitled to use Dr. Westmoreland's IME report under the 'exceptional circumstances' test for the use of an adversary's consulting/non-testifying expert's report." (Doc. 66 at 1). That test refers to language in Fed. R. Civ. P. 26(b)(4)(D)(ii), which concerns whether a party may "by interrogatories or deposition" discover opinions held by an expert who will not testify at trial. At this juncture, the issue before the Court is solely whether Plaintiffs can obtain Dr. Westmoreland's report, not whether they may depose Dr. Westmoreland or call her as an expert at trial. The analysis in Defendant's reply misses the mark for three reasons.

First, Plaintiffs are not currently seeking any discovery "by interrogatories or deposition." Second, Fed. R. Civ. P. 26(b)(4)(D)(i) specifically carves out Rule 35(b) as another rule under which a party may obtain opinions held by a non-testifying expert. It is more appropriate for this Court to apply Rule 35(b), which is directly applicable. *See Susquehanna Twp. Sch. Dist.*, 2011 WL 3163186, at *3 (noting the carve-out for discovery pursuant to Rule 35(b)). Third, the Court recognizes that the "exceptional circumstances" test is merely one of three frequently employed, and the most restrictive option. At least one court in the Eighth Circuit has instead applied a discretionary, balancing approach where the expert in question was previously designated as likely to testify at trial. *See House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236, 245 (N.D. Iowa 1996) ("[O]nce an expert is designated, the expert is recognized as presenting part of the common body of discoverable, and generally admissible, information and testimony available

3

from her report." (Doc. 62-1 at 3). Second, Defendant contends that Fed. R. Civ. P. 35(b)(5) establishes exclusion of an examiner's testimony at trial as the sole sanction for failure to deliver an IME report. Plaintiffs have responded to these claims while also arguing that Defendant lacks standing to challenge the third-party subpoena issued to Dr. Westmoreland.

<u>Sufficiency of Dr. Westmoreland's Report</u>

Fed. R. Civ. P. 35(b)(2) provides that an examiner's report "must be in writing and must set out in detail the examiner's findings, including diagnoses, conclusions, and the results of any tests." Defendant does not contend that Dr. Westmoreland's report fails to include these necessary elements. Instead, Defendant argues that Dr. Westmoreland's report inappropriately includes additional information, specifically a description of the alleged sexual assault as recounted by Katherine Anderson.[3] But Defendant cites no precedent for the proposition that inclusion of extraneous information renders an otherwise thorough report inadequate under Rule 35. The Court agrees with Plaintiffs that the rule merely identifies what the report "must set out" but does not impose limitations on what else may be included. It seems entirely understandable, moreover, why Dr. Westmoreland would desire to set out the background and provide relevant context when issuing a formal report containing medical diagnoses. Defendant's disagreement with portions of the report cannot overcome Rule 35's clear guidance that "the person examined has an absolute right to a copy of the examiner's report." *Delgado v. Ggnsc Grand Island Lakeview LLC*, 4:15-CV-3124, 2016 WL 5339535, at *2 (D. Neb. Sept. 23, 2016).

---

to all parties. The practical effect of a Rule 26 designation of an expert is to make an expert available for deposition by the opposing party.").

[3] Defendant has not argued that Dr. Westmoreland's report constitutes a protected draft under Fed. R. Civ. P. 26(b)(4)(B). Given Dr. Westmoreland's apparent refusal to change her report per Defendant's request, it appears to this Court that Dr. Westmoreland has prepared her final report.

Exclusion of Dr. Westmoreland's Testimony

Fed. R. Civ. P. 35(b)(5) states that if a report is not provided, "the court may exclude the examiner's testimony at trial." Defendant indicates he "will accept the judicial remedy of barring Dr. Westmoreland's testimony and report at trial." (Doc. 62-1 at ¶ 11). This rule is permissive, however, and courts have concluded that it does not set out the exclusive remedy for failure to provide an examiner's report. *See Salvatore*, 94 F.R.D. at 157 ("This provision neither mandates exclusion of testimony by a physician who fails to prepare a report nor limits the Court's power to take other remedial steps."). This rule offers a particularly poor remedy where, as here, a party obtains a report but disagrees with its contents.

This Court will not permit Defendant to utilize Fed. R. Civ. P. 35(b)(5) as a sword where it has selected an examiner, subjected Plaintiff Katherine Anderson to an extensive psychological examination, and now seeks to prohibit Katherine Anderson from reviewing the contents of Dr. Westmoreland's report. Defendant's narrow interpretation of Rule 35(b)(5) is inconsistent with the principle that, like other discovery rules, "Rule 35 is to be broadly and liberally construed." *Stillman v. Wal Mart Stores East I, LP*, No. 4:19-CV-222-DGK, 2019 WL 11851712, at *1 (W.D. Mo. Dec. 3, 2019) (citation omitted).

Defendant's Standing to Challenge Third-Party Subpoena

Plaintiffs contend that Defendant lacks standing to challenge the third-party subpoena issued to Dr. Westmoreland. Defendant offers no substantive response to this argument beyond briefly suggesting in a footnote that "because Dr. Westmoreland failed to comply with Defense Counsel's request for conformity to Rule 35's requirements, Defendant has standing to seek a protective order." (Doc. 66 at 2 n.1). Defendant provides no precedent supporting this argument.

Generally, a motion to quash a third-party subpoena "may only be made by a party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested." *Boaz v. FE Express, LLC*, No. 4:15-CV-1271 CAS, 2016 WL 2733121, at *1 (E.D. Mo. May 11, 2016) (citations omitted). Defendant has not identified any personal right or privilege with respect to the report prepared by Dr. Westmoreland. Instead, as discussed above, Fed. R. Civ. P. 35(b)(1) suggests Defendant lacks any privilege because the report must be produced to Katherine Anderson. Because Defendant is not subject to the challenged subpoena and has made no showing of a personal right or privilege relating to the discovery sought, the Court finds he lacks standing to bring this motion. *See Warkins v. Piercy*, No. 4:16-MC-324 JAR, 2016 WL 3683010, at *3 (E.D. Mo. July 12, 2016).[4]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jeffrey Hansen's Motion for Protective Order (Doc. 62) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel Production of Independent Medical Examination Report Under Fed. R. Civ. P. 35 (Doc. 65) is **GRANTED**.

Dated this 7th day of September, 2021.

                                                */s/ John A. Ross*
                                        JOHN A. ROSS
                                        UNITED STATES DISTRICT JUDGE

---

[4] This Court might reach a different conclusion on this issue if it had determined that Dr. Westmoreland's report merited protection under Fed. R. Civ. P. 26 or another rule. *See Houston v. 7-Eleven, Inc.*, No. 8:13-CV-1845-T-17AEP, 2014 WL 12618337, at *2 (M.D. Fla. Apr. 2, 2014) (finding party had standing to challenge third-party subpoena under Fed. R. Civ. P. 26(b)(4)(D) where Rule 35(b) did not apply).