UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHERINE ANDERSON, *et al.*, ) | |
| ) | |
| Plaintiff/Counterclaim Defendant, ) | |
| ) | |
| v. ) | Case No. 4:20CV991 JAR |
| ) | |
| JEFFREY HANSEN, ) | |
| ) | |
| Defendant/Counterclaim Plaintiff. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Rule 59(e) Motion to Amend Judgment[1] [ECF No. 238]. Plaintiffs filed their response in opposition [ECF No. 248]. The matter is fully briefed and ripe for adjudication. For the reasons set forth below, the Court will deny Defendant's Motion.

**Background**

This matter was tried before a jury beginning on May 30, 2023, and concluding on June 2, 2023. The jury rendered its verdict as entered in the Court's Final Judgment finding that Plaintiffs Katherine Anderson and Jason Anderson are the prevailing party in this action having received a jury verdict in their favor [ECF No. 261].

Defendant now requests the Court to Amend the Final Judgment,[2] arguing that:

---

[1] Defendant titled his motion as a "Renewed Motion for Judgment as a Matter of Law," but the Court will address it as a Rule 59(e) Motion as explained in the Court's Order and Judgment [ECF No. 261]. The Court also held a telephone status conference on August 31, 2023 with the parties to discuss the Court's plan on how it will handle this motion, and there is no objection by either side to the procedure in this manner. Neither side requested additional briefing.

[2] Defendant does not move for a new trial and stated in his motion, he believes that "both parties received a fair trial."

(i) Plaintiffs are only entitled to one satisfaction for the damages they sustained as a result of the actions of joint tortfeasors Defendant Jeffrey Hansen and American Family Life Assurance Company of Columbus ("Aflac"); (ii) after applying the $750,000 reduction that Plaintiffs received from their settlement with Aflac, the jury's $700,000 damage award has fully satisfied Plaintiffs' damages as a matter of law pursuant to Mo. Rev. Stat. § 537.060; and (iii) Plaintiffs' claims for assault, false imprisonment, medical expense damages, lost income damages, and all other monetary damages were abandoned.

## Legal Standards

Federal Rule of Civil Procedure 59(e)

Rule 59(e) states, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

Mo. Rev. Stat. § 537.060

Mo. Rev. Stat. § 537.060 directs that a defendant's liability shall be reduced by the amount of settlements entered between a plaintiff and other joint tortfeasors. *Sanders v. Ahmed*, 364 S.W.3d 195, 211 (Mo. banc 2012). The plain language of the statute declares the defense of reduction under section 537.060 only applies between joint tortfeasors who are "liable in tort for the same injury." *Id.* at 211-12. This statutory section implements the common-law rule that a plaintiff is entitled to only one satisfaction for the same wrong. *Stevenson v. Aquila Foreign Qualifications Corp.*, 326 S.W.3d 920, 925 (Mo. App. W.D. 2010) (quoting section 537.060) (emphasis omitted). "The receipt of full satisfaction from either tort-feasor for the wrong for which both are liable would bar plaintiff's recovery from the other for the same injury." *Walihan v. St. Louis-Clayton Orthopedic Group, Inc.,* 849 S.W.2d 177, 180 (Mo. App. E.D. 1993). Correspondingly, "when the injured plaintiff settles with one of the tort-feasors for a portion of

2

the wrong for which each is liable, the injured person still retains her cause of action against the other tort-feasors and recovery may be had for the balance of the injury." *Id.* A credit pursuant to the contribution between tortfeasors statute is not appropriate when the injuries involved are not the same; thus, "where separate torts result in both an original injury and an aggravation thereof, such as when a physician negligently treats the original injury, the successive tortfeasor, e.g., the physician, is not liable for the underlying injury and is only responsible for the harm flowing from his own negligence." *Id.* "If joint liability does not legally exist, then section 537.060 does not apply, notwithstanding a plaintiff's assertions attributing responsibility for the same injury to multiple independent tortfeasors." *Stevenson*, 326 S.W.3d at 928.

"[A] non-settling tortfeasor who claims a settlement affords a right to reduction under section 537.060 bears the burden of proving it had joint liability with the settling tortfeasor…" *Id.* at 927-28. Procedurally, Missouri Courts have found a mere claim by the plaintiff that multiple independent tortfeasors caused a plaintiff's injury is not sufficient to trigger the application of section 537.060 when the plaintiff settles with one of the independent tortfeasors. *Id.* at 928.

## Discussion

Satisfaction/Setoff

Defendant argues that Plaintiffs have received full satisfaction as a matter of law because Plaintiffs received more money, specifically $750,000, from their settlement with Aflac, a joint tortfeasor, than the $700,000 jury award to Plaintiffs for all non-pecuniary compensatory damages.[3] Defendant claims that Plaintiffs sought the same non-pecuniary damages against him

---

[3] The Court found that Plaintiffs' settlement agreement and its terms with Aflac were not admissible as evidence to be heard by the jury. In order to determine if Defendant is entitled to a set off, the Court must look beyond the evidence adduced at trial. Defendant also raised this

3

as they sought against Aflac for the damages they sustained as a result of the August 30, 2018 non-consensual sexual encounter between Plaintiff Katherine Anderson and Defendant.

Plaintiffs argue that Defendant is not entitled to a setoff because the injuries alleged against Aflac were for actions that it took following Defendant's nonconsensual sexual contact and caused Plaintiffs separate, divisible injuries from Defendant's actions.

Considering the record as a whole and after hearing the evidence adduced at trial, Defendant fails to convince the Court that Plaintiffs' emotional distress injuries from the non-consensual sexual contact itself are the same as Aflac's actions *after* the sexual encounter. The injuries caused by Aflac aggravated the injuries caused by Defendant's actions, thus Defendant and Aflac are not joint tortfeasors, and Defendant is not entitled to a setoff or any reduction in the judgment.[4] Joint and several liability is distinguishable from a case in which an injury occurs, and a third party's negligent act aggravates the initial injury. *Sanders*, 364 S.W.3d at 212.

*Joint Tortfeasors*

A "same injury" as described in statute pertaining to contribution among joint tortfeasors, can occur in the *rare case* when technically independent torts occur under unique circumstances, making it impossible to differentiate which injuries were caused by which defendant, and rendering the tortfeasors joint and the injuries "indivisible." *Gibson v. City of St. Louis*, 349 S.W.3d 460, 466 (Mo. App. E.D. 2011) (emphasis added). Therefore, two independent torts may result in the "same injury" when it is impossible to definitely attribute a specific injury to each

---

argument in his summary judgment motion [ECF No. 101], and as an affirmative defense [ECF No. 33 at ¶¶ 122-124]. The Court will consider the record as a whole in its analysis, including the summary judgment record and the settlement agreement between Plaintiffs and Aflac.

[4] Based on this finding, it is unnecessary to address Defendant's argument for a partial setoff or reduction.

incident, resulting in an indivisible injury. *Id.* In other words, joint tortfeasors are two or more defendants whose alleged tortious conduct causes an indivisible injury to the plaintiff within the same transaction of facts. *Stevenson*, 326 S.W.3d at 925. However, an indivisible injury occurring in a single transaction of facts is readily distinguishable from instances in which one injury occurs and the negligence of an independent tortfeasor aggravates the initial injury. *Sanders*, 364 S.W.3d at 212.

*Trial*

At trial, Plaintiffs sought compensation for the emotional distress injuries caused solely by Defendant's actions during the non-consensual sexual encounter between him and Plaintiff Katherine Anderson. The emotional distress injuries caused by Defendant's actions are different than those caused by Aflac's actions and inaction. Plaintiff Katherine Anderson testified that she did not see or talk to Defendant after the sexual encounter happened, but she was subjected to additional emotional distress after his conduct occurred. For instance, she testified at trial that after the sexual encounter, while she was still an independent contractor for Aflac, she continued to receive email chains that included Defendant's name and email address. Although Aflac placed Defendant on leave after the sexual encounter, he was allowed to resign in October 2018, which resulted in his email being included and active for Plaintiff Katherine Anderson to continue seeing. She testified just seeing his name in these email chains caused her emotional distress, bringing back unnecessary memories while she was trying to work. Evidence at trial supports that her emotional distress did not end on the night of the sexual encounter itself, which was caused by Defendant's actions, but Aflac's negligence aggravated the injuries. The emotional distress injuries that Plaintiffs suffered because of Aflac's actions are different in relation to the nature and quality of the emotional distress injuries caused by Defendant for his

5

actions relating to the sexual encounter. Joint and several liability is distinguishable from a case in which an injury occurs, and a third party's negligent act aggravates the initial injury. *See Id.*

*The Aflac Settlement Agreement*

The Court previously found in its Summary Judgment Order that Plaintiffs' damages for embarrassment, humiliation, emotional distress, and other non-pecuniary damages for their claims against Defendant are different from the non-pecuniary damages that they suffered from Aflac's actions. *See* ECF No. 157 at 10. Plaintiffs successfully argued in their opposition to summary judgment that the alleged assault, battery, and outrageous conduct claims against Defendant, are separate from claims for negligent hiring, retention, and supervision, and violations of Title VII against AFLAC. Plaintiffs also claimed that Aflac was unsupportive after the sexual assault, including failing to support her efforts with the police. The Court agreed finding that "[t]he damage to Plaintiffs as a result of the allegedly tortious conduct of Aflac and Defendant differs based upon the transgression; clearly the effect of Defendant's battery of Plaintiff Katherine Anderson differs from AFLAC's corporate acts." *Id.* at 7.

Prior to this action being filed against Defendant, Plaintiffs, through counsel, sent a letter to Aflac with respect to their legal claims against Aflac for negligent hiring, retention and supervision, among other things, that ultimately led to a settlement between Plaintiffs and Aflac on July 26, 2019. In reviewing the Settlement Agreement and General Release of Claims ("SAGRC") that Plaintiffs entered into with Aflac [ECF No. 239-2], it is clear that the compensation Aflac paid to Plaintiffs in the SAGRC flows from different conduct than Defendant's and is much broader in its scope than just dealing with the sexual assault. The SAGRC settles any potential tort claims between the parties, but also all contract claims. Pursuant to the SAGRC, Plaintiffs released their claims against Aflac in exchange for $750,000,

6

$450,000 of which is compensation for Plaintiffs' "pecuniary and non-pecuniary" damages related to their claims against Aflac. *Id.* at ¶ 1. The remainder of the settlement represented compensation for Plaintiffs' attorneys' fees and costs. *Id.* The SAGRC defines the release and covenant not to sue to cover claims, including, but not limited to, invasion of privacy, infliction of emotional distress, defamation, tortious interference, personal injury, breach of contract, harassment, and discrimination. *Id*. at ¶ 2. The SAGRC explicitly excludes Plaintiffs' claims against "Jeffrey Hansen in his individual capacity" from consideration. *Id.* at ¶ 3. The SAGRC terminated Plaintiffs' independent contractor relationship "forever" with *both* Plaintiffs, also prohibiting future employment and/or contracts with Aflac or even selling Aflac products. *Id.* at ¶ 5. The SAGRC includes non-disparagement and confidentiality sections, stating that Plaintiffs "shall not disparage Aflac" or "publicize or disclose" its terms. *Id*. at ¶¶ 6-7.

After reviewing the SAGRC in its entirety, it is obvious that Aflac not only settled the tort claims with Plaintiffs, but also settled any potential contract claims to mitigate the situation. The SAGRC's terms, especially considering the termination of both Plaintiffs' independent contracts and prohibiting any possible future employment with Aflac forever, and Plaintiffs agreed upon silence, likely for Aflac to ensure it won't receive any negative publicity, shows the settlement with Aflac goes far beyond just tort claims. Where separate torts result in both the original injury and the aggravation thereof, the successive tortfeasor, which is Aflac here, is only responsible for harm flowing from its own negligence. *Walihan,* 849 S.W.2d at 180.

<u>Abandoned Claims</u>

Defendant next argues that he is entitled to judgment as a matter of law on Plaintiffs' claims for assault, false imprisonment, medical expense damages, lost income damages, and all other monetary damages because they were abandoned. However, as Plaintiffs correctly points

7

out, voluntary abandonment of claims does not entitle the other side to judgment as a matter of law. It should also be noted that Defendant abandoned claims. Defendant's cited cases merely defines when a claim has been abandoned and explains that the Court will not consider an abandoned claim on appeal. The Court will deny Defendant's motion for judgment as a matter of law on Plaintiff's abandoned claims for assault, false imprisonment, medical expense damages, lost income damages, and all other monetary damages. However, the Court will dismiss any abandoned claims by Plaintiffs with prejudice. To the extent Defendant abandoned any claims, those are dismissed with prejudice as well.

Tortious Interference Claim

Lastly, the Court will address Plaintiffs' motion to dismiss her tortious inference claim [ECF No. 240]. Defendant filed his response in opposition. On July 22, 2021, the Court entered an order compelling arbitration of Plaintiff Katherine Anderson's claim for tortious interference and stayed that claim pending completion of arbitration proceedings [ECF No. 67]. Defendant filed an interlocutory appeal, but the Court of Appeals affirmed this Court's judgment on August 30, 2022 [ECF No. 85].

Plaintiffs now admit they have decided not to pursue tortious interference claim, but request the Court to dismiss this claim without prejudice. Defendant opposes this request and asks the Court to dismiss the claim with prejudice. It has been over a year since the Court of Appeals issued its Opinion and Judgment, affirming this Court's Order to compel arbitration on this claim. Plaintiffs could have proceeded with arbitration thereafter, but never did. In essence, Plaintiffs have abandoned this claim as they failed to pursue arbitration after ample opportunity and time to do so. Therefore, the Court will dismiss Plaintiff Katherine Anderson's tortious inference claim with prejudice.

8

## Conclusion

For these reasons, Defendant's Motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Rule 59(e) Motion to Amend Judgment [ECF No. 238] is **DENIED.** The judgment entered on September 6, 2023 [ECF No. 261] remains in full force and effect.

**IT IS FURTHER ORDERED** that any abandoned claims by Plaintiffs or Defendant are **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff Katherine Anderson's tortious inference claim is **DISMISSED with prejudice.**

Dated this 13th day of September, 2023.

*[signature]*
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**